IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Case No.: 1:17-cv-1014

| | |
|---|---|
| ALTHA CRAVEY, )<br>      Plaintiff; )<br>           )<br>v. )<br>           )<br>UNIVERSITY OF NORTH CAROLINA AT )<br>CHAPEL HILL; CAROL L. FOLT, *in her* )<br>*official capacity as Chancellor*; KEVIN )<br>GUSKIEWICZ, *individually and in his* )<br>*official capacity as Dean of the School* )<br>*of Arts & Sciences*; MICHAEL EMCH, )<br>*individually and in his official capacity* )<br>*as Chair of the Dept. of Geography*; )<br>      Defendants. ) | SECOND AMENDED<br>COMPLAINT<br><br>**(Jury Trial Demanded)** |

Preliminary Statement

1. This action is brought to remedy discrimination against Dr. Altha Cravey on the basis of sex and for retaliation for raising concerns of sexual and racial discrimination and exercising her constitutionally protected rights to freedom of speech and association. This Complaint is brought under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e, *et seq.*, regarding her claims of sex discrimination and retaliation for raising concerns of sexual and racial discrimination. Her claim of sex discrimination in violation of the Equal Protection Clause is brought pursuant to the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983. Her claims of retaliation for exercising her constitutionally protected rights to freedom of speech and association are brought pursuant to the First and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983. Plaintiff seeks declaratory and injunctive relief, back wages and benefits, promotion or front pay, compensatory damages, attorney's fees, costs, and interest as may be allowed by law.

## Jurisdiction and Venue

2. This Court has jurisdiction over this subject matter and the parties pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because Plaintiff and Defendants are located in the Middle District of North Carolina, and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred within the Middle District of North Carolina.

## Parties

4. Plaintiff Altha Cravey is a woman and a resident of Orange County, North Carolina. For more than 23 years, she has been employed as an Associate Professor in the Department of Geography in the College of Arts & Sciences of the University of North Carolina at Chapel Hill.

5. Defendant University of North Carolina at Chapel Hill ("UNC-CH") is a North Carolina state agency or body. It is the campus at which Plaintiff has been employed for all times relevant to the claims asserted.

6. Defendant Chancellor Carol L. Folt has been the chancellor of UNC-CH from approximately July 1, 2013 to the present. As part of her duties, she oversees and manages the College of Arts & Sciences and the Department of Geography, including making final faculty promotion decisions. Defendant Folt is sued in her official capacity for declaratory and injunctive relief.

7. Defendant Kevin Guskiewicz has been the Dean or Acting Dean of the College of Arts & Sciences for all times relevant to the claims asserted. As part of his duties, he oversees and manages the Department of Geography, including making faculty promotion decisions.

Defendant Guskiewicz is sued in his individual and official capacities for damages and declaratory and injunctive relief.

8. Defendant Michael Emch has been the Chair of the Department of Geography at UNC-CH from approximately July 2013 until the present. As part of his duties, he oversees and manages the Department of Geography, including making faculty promotion decisions and determining faculty course loads and Teaching Assistant assignments. Defendant Emch is sued in his individual and official capacities for damages and declaratory and injunctive relief.

Facts

9. Dr. Cravey is a female.

10. Dr. Cravey has been employed as an Associate Professor in the Geography Department ("Department") of UNC-CH since July 1, 1994.

11. Dr. Cravey is an internationally renowned scholar in the field of labor geography. Her research focuses on the political economy of labor, globalization, and migration. Dr. Cravey has published widely in leading and relevant journals in her field. She teaches courses on globalization; migration, trans-nationality, and Diaspora; feminist geography; Latina/o Studies; and Latin American geography at UNC-CH. Dr. Cravey collaborates with community groups and academics in other fields and has garnered outside support from the National Institute of Health, the National Institute of Health Sciences, and the North Carolina Arts Council to support research projects on health and the production of documentary films.

12. At the time of her hire, Dr. Cravey was only the second woman faculty member to ever be hired in a tenure-track or tenured position in the Department of Geography.

13. In 2000, Dr. Cravey received tenure.

3

14. In 2005, Dr. Cravey applied for promotion to Full Professor and was denied the position.

15. In approximately July 2013, Defendant Michael Emch became the Chair of the Department of Geography at UNC-CH.

16. Dr. Cravey has been a vocal advocate for the equal and fair treatment of women and minority faculty and students within the Geography Department and within the UNC system throughout her career at UNC-CH.

17. Dr. Cravey has frequently exercised her right to free speech and free association by speaking publicly at rallies and meetings, by publishing op-ed articles and letters, and, at times, by bringing her concerns directly to officials of UNC-CH and Department employees.

18. Dr. Cravey was instrumental in the formation of the Department Diversity Committee in April 2013 and was appointed to serve as its first Chair. She was summarily removed from that position by Defendant Emch in August 2014.

19. In the Fall of 2013, Defendant Emch discussed at a meeting of Department Chairs a "difficult problem" he was having with a female Associate Professor who he said had "no research agenda" yet sought promotion to full professor. Defendant Emch indicated hostility towards this female faculty member because she was "also encouraging graduate students to complain about perceived inequities in the department and this posed a problem for his leadership." Upon information and belief, Defendant Emch was referring to Plaintiff in this meeting.

20. On October 30, 2014, Dr. Cravey read comments from the Progressive Faculty Network, a group of faculty members supporting economic and social justice, at a rally organized by UNC-CH students in support of the African, African American, and Diaspora Studies Department.

21. In late 2014, Dr. Cravey decided to apply again for promotion to Full Professor.

22. Dr. Cravey had concerns that she would not be treated fairly in her application for promotion due to sexual discrimination within the Department, and hostility towards her for her efforts to ensure fair and equal treatment of women and minority faculty and students, specifically on the part of Defendant Emch.

23. In early November 2014, Dr. Cravey met with UNC-CH's Ombudsperson, Wayne Blair, to discuss her concerns. She raised issues of sexual discrimination on the part of Defendant Emch, as well as the fact that all Full Professors were male and did not appear sympathetic to feminist-oriented research and scholarly work such as hers. At Mr. Blair's direction, Dr. Cravey also raised these concerns in a meeting with Jayne Grandes at UNC's Employment Opportunity and Compliance office (EOC). Dr. Cravey met with Mr. Blair several more times throughout 2015 to discuss these concerns.

24. On January 28, 2015, Dr. Cravey spoke publicly at the UNC Board of Governors ("BOG") meeting in protest of the closure of the Center for Poverty, Work and Opportunity at UNC-CH.

25. In March of 2015, Dr. Cravey presented information to Defendant Emch about inappropriate behavior by a senior male faculty member during the teaching of a course with a female faculty member. The senior male faculty member's demeanor and statements evidenced sexism and racism towards the female faculty member with whom he was teaching the course, and also sexism and racism towards students taking the course. Defendant Emch expressed no willingness to address the concerns Dr. Cravey raised.

26. In May of 2015, Dr. Cravey submitted her application for promotion to Full Professor.

27. On November 2, 2015, the News & Observer published an op-ed newspaper article by Dr.

Cravey and Robert Siegel wherein they criticized the UNC BOG's selection of Margaret Spellings as system president.

28. On November 6, 2015, radio station WCHL aired an op-ed wherein Dr. Cravey called for the Chancellor, Defendant Carol Folt, to oppose the UNC BOG's grant of large raises to system chancellors.

29. On November 30, 2015, Dr. Cravey served as spokeswoman for the Service Employees International Union ("SEIU") Faculty Forward organization at a rally at UNC-CH against the privatization of the UNC Student Stores.

30. On December 11, 2015, Dr. Cravey participated in a protest of Margaret Spellings' appointment at the UNC BOG meeting wherein she made public statements criticizing the way Spellings was appointed and her belief that Spellings favors corporate interests over public ones. Dr. Cravey, along with six other individuals, including other members of Faculty Forward, was escorted from the building after making her public statement.

31. On December 14, 2015, Dr. Cravey received notice that she was denied the promotion to Full Professor.

32. Defendant Guskiewicz was serving as Acting Dean of the College of Arts & Sciences during December 2015.

33. As Acting Dean, Defendant Guskiewicz had the authority to accept or reject the recommendation of Defendant Emch and the Department.

34. During Dr. Cravey's 2015 promotional process, the recommendation from Defendant Emch and the Department to deny Dr. Cravey's application for promotion was conveyed by letter of December 8, 2015 to Defendant Guskiewicz.

35. Defendant Guskiewicz accepted Defendant Emch and the Department's recommendation to deny Dr. Cravey's promotion application without engaging in any investigation to determine whether the recommendation was non-discriminatory.

36. After Dr. Cravey's 2015 promotion application, the Department failed to conduct a fair Promotion Review involving external reviewers.

37. Male faculty with credentials and experience similar or lesser than Dr. Cravey's have consistently been promoted to Full Professor. In 2014, male faculty member Conghe Song was promoted to Full Professor. On approximately July 1, 2017, male faculty member Scott Kirsch was promoted to Full Professor. In 2015 Dr. Cravey was at least equally qualified for promotion compared to Dr. Song and Dr. Kirsch when they were promoted to Full Professor.

38. The recommendation to the Dean of the College of Arts and Sciences about such promotions is made by the Chair of the Department and the other Full Professors in the Department. All of these persons were, and are presently, long-serving male professors.

39. Upon information and belief, only one woman has ever been promoted to Full Professor in the more than 100 years that the Department has been in existence.

40. The Department has a history and pattern and practice of discriminating against and excluding from promotion and professional advancement faculty who are women and minorities.

41. Defendant Emch, a white male, is responsible for decision-making regarding promotion of faculty promotions. Defendant Emch is also responsible for determining faculty teaching course loads and assigning Teaching Assistants to faculty.

42. Women professors within the Department are and have been assigned Teaching Assistants significantly less often than male professors in the Department with similar seniority, teaching

7

loads, course sizes, and course laboratory requirements.

43. Dr. Cravey has been assigned a Teaching Assistant approximately eight or nine times in her 23 year long career. During the last three years, she was assigned Teaching Assistants only two times, for one class in 2015 and one class in 2017.

44. The other women professors in the Geography Department with similar seniority, teaching loads, course sizes, and course laboratory requirements as Dr. Cravey have had similarly limited numbers of Teaching Assistants. For example, Associate Professor Nina Martin had no Teaching Assistants for the two courses she taught in the fall of 2015. Associate Professor Gabriela Valdivia had no Teaching Assistants for the two courses she taught in the spring of 2016. Associate Professor Banu Gokariksel had no Teaching Assistants for the two courses she taught in fall of 2016. Associate Professor Sara Smith had no Teaching Assistants for any of the eight courses she taught between the fall of 2015 and the spring of 2017.

45. In contrast, male professors with similar seniority, teaching loads, course sizes, and course laboratory requirements as Dr. Cravey are frequently provided with Teaching Assistants. For example, in the last three years, Professor Steve Birdsall had approximately seven Teaching Assistants – two in the fall of 2015, two in the fall of 2016, and three in the fall of 2017. Associate Professor John Florin had at least three Teaching Assistants during this period – two in the fall of 2016 and one in the spring of 2017. Professor Scott Kirsch had approximately five Teaching Assistants during this period – two in the spring of 2016, one in the fall of 2016, and two in the spring of 2017.

46. There has been no effort made by Defendant Emch or the Department to analyze whether female faculty have less Teaching Assistant support than male faculty.

8

Case 1:17-cv-01014-LCB-LPA   Document 25   Filed 09/18/18   Page 8 of 17

47. As a result of this lack of assistance, women professors have more arduous course workloads. In turn, women professors have less time than men to devote to the research and publication necessary for professional advancement, including promotion.

48. Women professors within the Department are and have been afforded less opportunities to teach graduate courses and seminars than professors who are men.

49. Dr. Cravey is qualified to teach graduate courses and seminars.

50. Upon her hiring in 1994, Dr. Cravey was told that she would have the opportunity to teach at least one graduate seminar a year. However, Dr. Cravey has only been assigned to teach three or four graduate seminars in total over 23 years. In the last three years, Dr. Cravey was not assigned to teach any graduate courses or seminars.

51. The other women professors qualified to teach graduate courses and seminars are and have been similarly restricted in their graduate teaching opportunities. For example, upon information and belief, Professor Wendy Wolford, the third woman ever hired in the Department, was not assigned to teach a graduate seminar once in the nine years she taught in the Department from 2000 to 2009. Professor Nina Martin, hired in 2008, was not assigned to teach any grad courses or seminars from fall 2015 to fall 2017.

52. As a result of this disparity, women professors within the Department have reduced opportunities for career growth and advancement. The opportunity to teach graduate seminars is particularly important because it allows a faculty member to teach high level courses in their field of expertise to advanced students, thus allowing one to stay current and maintain influence in their field.

53. Male professors, however, are frequently assigned to teach graduate courses and seminars. For

example, during the last three years, male professors John Pickles, Scott Kirsch, Steve Walsh, and Defendant Emch were each assigned to teach at least two graduate courses.

54. Dr. Cravey is equally qualified to teach graduate courses and seminars comparable to those taught by professors John Pickles, Scott Kirsch, Steve Walsh, and Defendant Emch.

55. The effects of this inequity are cumulative. By having less opportunities to teach graduate courses and seminars, women professors have less interaction with graduate students over the years and less opportunities for professional development than their male colleagues.

56. Defendant Emch treated Dr. Cravey in a disparate fashion relative to male professors by denying her 2015 promotion application, and by not affording her benefits and opportunities regularly available to male professors, including teaching graduate course and seminars and the support of Teaching Assistants.

First Claim
(Sex Discrimination and Retaliation under Title VII)

57. Plaintiff re-alleges and incorporates paragraphs #2 through #55.

58. Plaintiff's cause of action under Title VII is brought against Defendant UNC-CH.

59. On or about June 6, 2016, Plaintiff filed a charge of discrimination and retaliation based on sex with the Equal Employment Opportunity Commission (EEOC).

60. On August 3, 2016, EEOC issued a "right to sue" letter to Dr. Cravey, which was received by her on or after August 10, 2017. This action is being filed within 90 days of Dr. Cravey receiving the EEOC "right to sue" letter.

*Sex Discrimination*

61. As set out and alleged above, Plaintiff has been subjected to disparate treatment by Defendant UNC-CH because she is a woman. This includes providing her with fewer Teaching Assistants

10

compared to similarly situated male professors and denying her the same opportunities to teach graduate courses and seminars as afforded to similarly situated male faculty. Officials of Defendant subjected her to the adverse employment action of denying her application for promotion to Full Professor in December 2015.

62. Male professors with credentials and experience similar to or lesser than Plaintiff's have consistently been promoted to Full Professor.

63. Only one female professor has ever been promoted to Full Professor in the history of the Department.

64. Defendant's disparate treatment of Plaintiff violates Title VII of the Civil Rights Act, 42 USC § 2000e, *et seq.*

65. As a direct result of Defendant's illegal acts of discrimination against Plaintiff on the basis of her sex, she has suffered substantial damages, including loss of wages and fringe benefits, and is entitled to compensation and appropriate relief as provided by Title VII of the Civil Rights Act.

*Retaliation*

66. Plaintiff asserted her rights to equal employment opportunity when she complained about sexual and racial discrimination within the Department.

67. The actions of Defendants as set forth herein constitute retaliation against Plaintiff for her opposition to race and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 USC § 2000e, *et* seq.

68. As a result of Plaintiff's complaints of unfair treatment of women and minorities within the UNC system, officials of Defendants, including Defendant Emch, developed animosity

11

towards Plaintiff.

69. As a result of this animosity, officials of Defendant retaliated against Plaintiff by denying her promotion application in December, 2015.

70. The actions of Defendant's officials constitute retaliation against her in violation of Title VII of the Civil Rights Act.

71. As a result of Defendant's retaliatory employment actions, Plaintiff has suffered substantial damages, including loss of wages and fringe benefits, and is entitled to appropriate relief.

Second Claim
(Equal Protection Clause, Fourteenth Amendment, 42 U.S.C. §1983)

72. Plaintiff re-alleges and incorporates paragraphs #2 through #55.

73. Plaintiff's cause of action for Equal Protection Clause sex discrimination under 42 U.S.C. §1983 is brought against Defendant Folt in her official capacity for declaratory and injunctive relief, and against Defendant Guskiewicz and Defendant Emch in their individual and official capacities for damages and declaratory and injunctive relief.

74. As set forth above, Defendants have discriminated against Plaintiff because of her sex in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

75. Male employees with credentials and experience similar to Plaintiff's have consistently been promoted to Full Professor and received regular benefits and opportunities including graduate seminar teaching assignments and the support of Teaching Assistants.

76. Defendants denied Plaintiff's 2015 application for a promotion to Full Professor on the basis of her sex. Defendants also denied Plaintiff the regular benefits and opportunities afforded to similarly situated male professors, including graduate course and seminar teaching

12

assignments and the support of Teaching Assistants.

77. Such unlawful actions, omissions, and decisions of Defendants were done in a knowing, willful, reckless, and bad faith manner, and violate clearly established constitutional and statutory provisions and rights of which a reasonable person in the place of Defendants would have known.

78. As a result of Defendants' illegal acts of discrimination against Plaintiff on the basis of her sex, she has incurred substantial damages and is entitled to appropriate relief pursuant to 42 U.S.C. §1983.

### Third Claim

(First and Fourteenth Amendments, 42 U.S.C. §1983)

79. Plaintiff re-alleges and incorporates paragraphs #2 through 55.

80. Plaintiff's cause of action for retaliation for exercising her First Amendment constitutionally protected rights to freedom of speech and association is brought against Defendant Folt in her official capacity for declaratory and injunctive relief, and against Defendant Guskiewicz and Defendant Emch in their individual and official capacities for damages and declaratory and injunctive relief.

81. As set forth above, Defendants retaliated against Plaintiff for exercising her constitutionally protected rights to freedom of speech and association in violation of the First and Fourteenth Amendments to the United States Constitution.

82. Plaintiff has been an outspoken advocate for the equal and fair treatment of women and minority faculty and students within the Geography Department and the UNC system throughout her career at UNC-CH.

13

83. Plaintiff continued to make public statements critical of the UNC system and to associate with SEIU's Faculty Forward organization during the time that Defendants were reviewing her application for promotion to Full Professor in 2015.

84. Plaintiff's right to speak out freely, on behalf of herself and others, on matters of public concern, is protected by the First and Fourteenth Amendments to the U.S. Constitution. The public has a vital interest in free and open discussion on issues of public importance.

85. Because Plaintiff spoke out on such matters of public concern, Defendants developed animosity towards Plaintiff and engaged in actions, omissions, and decisions aimed at denying Plaintiff's employment rights and protections granted to her under law, including, but not limited to, denying her promotion application in December, 2015 and denying her the regular benefits and opportunities afforded to male professors, including graduate course and seminar teaching assignments and the support of Teaching Assistants.

86. Such actions, omissions, and decisions on the part of Defendants were taken in response to, and in retaliation for, Plaintiff's exercise of her constitutional and lawful rights of free speech and freedom of assembly and association, in violation of the First and Fourteenth Amendments. Any grounds and reasons offered by Defendants for the adverse actions, omissions, and decisions taken against Plaintiff are false and pretextual.

87. Such actions, omissions, and decisions on the part of Defendants towards Plaintiff were taken to discourage Plaintiff and other employees from exercising their constitutional rights to free speech and association.

88. Such unlawful actions, omissions, and decisions of Defendants were done in a knowing, willful, reckless, and bad faith manner, and violate clearly established constitutional and

14

Case 1:17-cv-01014-LCB-LPA   Document 25   Filed 09/18/18   Page 14 of 17

statutory provisions and rights of which a reasonable person in the place of Defendants would have known.

89. As a result of Defendants' illegal acts of retaliation against Plaintiff for her exercise of her constitutional rights, she has incurred substantial damages and is entitled to appropriate relief pursuant to 42 U.S.C. §1983.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court:

1) Grant Plaintiff a trial by jury on all issues so triable.

2) Declare that Defendants discriminated against Plaintiff because of her sex, female.

3) Declare that Plaintiff was subjected to retaliation in violation of Title VII of the Civil Rights Act, because she asserted her rights to equal employment opportunity.

4) Declare the acts and practices complained of herein to be in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983.

5) Declare the acts and practices complained of herein to be in violation of the First and Fourteenth Amendments to the United States Constitution.

6) Award Plaintiff damages for her loss of income resulting from the discrimination that she has suffered. This should include not only loss of wages, but loss of fringe benefits. Such damages should be in an amount in excess of $10,000.00.

7) Award Plaintiff damages for Defendants' refusal to provide her with access to Teaching Assistants to assist her in teaching her courses, at a level comparable to what male professors have been allowed; and for Defendants' refusal to allow her to teach graduate

courses and seminars at a frequency comparable to male professors.

8) Direct that Defendants promote Plaintiff to a full professor position, with full seniority and other benefits as if she had been promoted in December 2015.

9) Grant permanent injunctive relief prohibiting Defendants from engaging in further acts of discrimination and/or retaliation against Plaintiff.

10) Grant Plaintiff pre-judgement and post-judgement interest on all damages to the maximum extent allowed law.

11) Award Plaintiff her costs in bringing and prosecuting this action, including her reasonable attorneys' fees.

12) Grant such other and further relief as to the Court seems just and proper.

This the 18th day of September 2018.

> EDELSTEIN & PAYNE
> Attorneys for Plaintiffs
>
> /s/ M. Travis Payne
> M. Travis Payne
> N.C. Bar No 8452
> Email: eandp@mindspring.com
>
> /s/ Elizabeth A. Albiston
> Elizabeth A. Albiston
> N. C. Bar No. 36585
> Email: eli@edelsteinpayne.com
>
> P.O. Box 28186
> Raleigh, N.C. 27611
> (919) 828-1456

**CERTIFICATE OF SERVICE**

I certify that the foregoing **Second Amended Complaint** was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel for all parties, as follows: Stephanie A. Brennan, sbrennan@ncdoj.gov.

This the 18th day of September 2018.

/s/ Elizabeth A. Albiston
Elizabeth A. Albiston